Patrick J. Perrone
patrick.perrone@klgates.com
Loly G. Tor
loly.tor@klgates.com
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
P: 973-848-4000
F: 973-848-4001
*Attorneys for Defendant Starbucks Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION, a Washington corporation,<br><br>    Defendant. | Case No.<br><br><br><br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1332, Defendant Starbucks Corporation ("Starbucks" or "Defendant"), by and through its undersigned attorneys, hereby removes this action from the New Jersey Superior Court, Law Division, Monmouth County, to the United States District Court for the District of New Jersey.  In support thereof, Starbucks states as follows:

1.    On July 28, 2016, Plaintiff Alan Brahamsha ("Plaintiff") filed a Complaint against Starbucks in the New Jersey Superior Court, Law Division, Monmouth County.  Attached hereto as Exhibits A, B, C, and D, respectively, are true and accurate copies of the Complaint, the Summons, the Track Assignment Notice, and the Civil Case Information Statement.

2. Starbucks was served with the Complaint, the Summons, and the Track Assignment Notice on August 15, 2016.

3. This Notice of Removal is being timely filed because it is being filed within thirty days of Defendant's receipt of the Complaint, Summons, and Track Assignment Notice via service or otherwise.

**This Action Is Removable Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(11) ("CAFA").**

4. This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from the citizenship of Starbucks; and (3) the aggregate amount placed in controversy by the claims of the named Plaintiff and the proposed class members exceeds the sum or value of $5,000,000, exclusive of costs and interest.

**A. The Putative Class Consists of More than 100 Members.**

5. Plaintiff purports to bring this action pursuant to R. 4:32-1, et seq., of the New Jersey Rules of Court on behalf of a class comprised of "[a]ll New Jersey residents who have 1) created an account in the Starbucks's mobile application; and 2) purchased goods or service from Starbucks." (Ex. A ¶ 38).

6. Plaintiff alleges that "there are thousands of people in the Class." (Id. ¶ 40).

7. Based on these and other allegations, the aggregate number of class members in Plaintiff's proposed class is at least 100 for the purposes of satisfying 28 U.S.C. § 1332(d)(5).

**B. The Minimal Diversity of Citizenship Requirement Is Satisfied.**

8. Under CAFA, 28 U.S.C. § 1332(d)(2)(A), minimal diversity jurisdiction exists if any member of the purported class is a citizen of a state different from any defendant.

9. As alleged in the Complaint, Plaintiff is a citizen of New Jersey. (Ex. A ¶ 33).

10. Starbucks is incorporated in and has its principal place of business in Seattle, Washington. As such, for jurisdictional purposes, Starbucks is a citizen of Washington.

11. Thus, the minimal diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because the citizenship of at least one putative class member, Plaintiff, is different than the citizenship of the only defendant, Starbucks.

### C. The Amount In Controversy Requirement under CAFA Is Satisfied.

12. Plaintiff alleges that the Starbucks' Terms of Use "do not comply with New Jersey law" because the terms allegedly "unreasonably deny redress for certain consumers, even for some knowing and intentional harms," and "[o]thers [sic] provisions state that some terms may not apply to some consumers, without specifying which terms actually apply to whom." (Ex. A ¶ 4).

13. Based on these allegations, Plaintiff alleges one count against Starbucks for violation of the New Jersey Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. §§ 56:12-14, et seq. (Ex. A at 12).

14. Plaintiff seeks to recover "$100 in statutory damages, actual damages, court costs, and reasonable attorneys' fee" for Plaintiff and each putative class member. (Ex. A ¶ 54).

15. Because attorneys' fees are recoverable under TCCWNA, attorneys' fees are also considered when calculating the amount in controversy. See N.J.S.A. § 56:12-17; Frederico v. Home Depot, 507 F.3d 188, 199 (3d Cir. 2007) (recognizing that attorneys' fees are considered when determining the amount in controversy).

16. When calculating attorneys' fees for the purposes of determining whether CAFA's amount in controversy is met, courts in the Third Circuit estimate that attorneys' fees will total between 27% and 30% of the total damages. Frederico, 507 F.3d at 199 (estimating attorneys' fees in the range of 27% to 30% and calculating amount in controversy using 30%

3

figure); <u>Lewis v. Ford Motor Co.</u>, 610 F. Supp. 2d 476, 486 (W.D. Pa. 2009) (same); <u>Faltaous v. Johnson & Johnson</u>, No. 07-1572(JLL), 2007 WL 3256833, *11 (D.N.J. Nov. 5, 2007) (estimating "attorney fee recovery of 30%" to determine amount in controversy).

17. Assuming recoverable statutory damages of $100 per putative class member, each putative class member would be entitled to attorneys' fees of $30. Thus, if Plaintiff were to succeed on the claims asserted on his own behalf and on behalf of the class, each putative class member would be entitled to damages of approximately $130 ($100 in statutory damages plus attorneys' fees of 30%). Plaintiff also seeks actual damages but does not provide sufficient information to estimate the amount of actual damages.

18. The $5,000,000 jurisdictional threshold divided by the total estimated damages of $130 produces a requisite class size of at least 38,462 individuals.

19. The number of New Jersey residents who have an account on the Starbucks mobile application and who have used it to make a purchase exceeds 38,462 individuals.

20. Thus, the class size is sufficient to meet the requisite amount in controversy of $5,000,000.

21. Because there is minimal diversity between the parties and because the $5,000,000 amount in controversy requirement is satisfied, this case is properly removed pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453.

22. A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court of the State of New Jersey, Monmouth County, and served upon counsel for Plaintiff.

23. In filing this Notice of Removal, Starbucks does not waive, and specifically reserves, all defenses, exceptions, rights, and motions. No statement herein or omission

herefrom shall be deemed to constitute an admission by Starbucks of any of the allegations of or damages sought in the Complaint.

WHEREFORE, defendant Starbucks respectfully gives notice of the removal of the state action referenced herein from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey.

Dated: September 14, 2016

         **K&L GATES LLP**
         *Attorneys for Defendant Starbucks Corporation*

     By: s/ Patrick J. Perrone_____
       Patrick J. Perrone
       Loly G. Tor
       One Newark Center, Tenth Floor
       Newark, New Jersey 07102
       T: (973) 848-4000
       F: (973) 848-4001
       patrick.perrone@klgates.com
       loly.tor@klgates.com

## **LOCAL RULE 11.2 CERTIFICATION**

I hereby certify that, to the best of my knowledge, other than the state court action the matter in controversy is not the subject of any other action pending in any court (other than the state court action removed hereby), or of any pending arbitration or administrative proceeding.

s/ Patrick J. Perrone

Dated:  September 14, 2016